[No. 43455.    En Banc.    February 20, 1975.]

PHILLIP B. SCHWARZ, *Appellant*, v. THE STATE OF WASHINGTON *et al, Respondents.*

*Kenneth C. Hawkins* and *Gary G. McGlothlen,* for appellant.

*Slade Gorton, Attorney General,* and *James K. Pharris* and *James M. Vaché, Assistants,* for respondents.

ROSELLINI, J.—The court is asked in this case to interpret and inquire into the constitutionality of Laws of 1973, 1st Ex. Sess., ch. 14, § 3, now codified as RCW 3.34.065. That section, passed as part of an act entitled "Justices of the Peace—Number—Qualification," provides that:

> After the next respective judicial elections following July 16, 1973, in counties of the second class and larger counties all justices of the peace and district court judges are required to have been admitted to the practice of law in the state of Washington before they may exercise the functions of their office.

Prior to the enactment of RCW 3.34.065, the basic statute providing the qualifications for justices of the peace was Laws of 1961, ch. 299, § 15 (codified as RCW 3.34.060). That statute provides:

> To be eligible to file a declaration of candidacy for and to serve as a justice of the peace, a person must:
> (1) Be a registered voter of the justice court district; and
> (2) Be either:
> (a) A lawyer admitted to practice law in the state of Washington; or
> (b) A person who has been elected and has served as

a justice of the peace, municipal judge or police judge in Washington; or

(c) In those districts having a population of less than ten thousand persons, a person who has taken and passed such qualifying examination for the office of justice of the peace as shall be provided by rule of the supreme court.

The appellant, who has not been admitted to the practice of law, was elected in 1970, to the position of justice of the peace for the Vashon District Court for King County. He had been elected and had served the preceding term and was therefore qualified to file for the office under the so-called "grandfather clause" of RCW 3.34.060.

In May 1974, the appellant brought this declaratory judgment action, seeking a determination that he was entitled to file for reelection in November 1974 and to serve as justice of the peace even though he was not admitted to the practice of law. The Superior Court rejected his contentions and granted summary judgment for the defendants. His appeal to the Court of Appeals, Division Two, was transferred to this court for determination.

The appellant applied for a writ of mandate to allow him to file and run for reelection while the case was pending in this court. In refusing the mandate, the Chief Justice recognized that the case could not be decided before the time for filing but indicated that the appellant could proceed with his appeal and obtain a determination of his right to file in a future election.

The appellant's assignments of error raise three questions. The first concerns the proper interpretation to be placed upon the statutory provisions which we have heretofore quoted. The appellant suggests that it was not the legislative intent in enacting RCW 3.34.065 to repeal any portion of RCW 3.34.060. It is his theory that since RCW 3.34.065 does not expressly prohibit a nonlawyer from filing for the office of justice of the peace or assuming the office, if elected, he is still entitled to file and run for the office. He does admit, however, that, under the new act, he would not

be qualified to serve. Thus he claims that he is entitled to enjoy the emoluments of office if he is elected, but is not required or permitted to perform the functions of the office.

We find it difficult to conceive that the legislature intended to authorize such a state of affairs. On numerous occasions this court has indicated that a statute should be construed as a whole in order to ascertain the legislative purpose and thus to avoid unlikely, strained or absurd consequences which could result from a literal reading, and that the spirit or purpose of legislation should prevail over express but inept language used therein. *Yakima First Baptist Homes, Inc. v. Gray*, 82 Wn.2d 295, 510 P.2d 243 (1973); *Alderwood Water Dist. v. Pope & Talbot, Inc.*, 62 Wn.2d 319, 382 P.2d 639 (1963).

The notion that the legislature intended to permit a person, who is not qualified to serve as justice of the peace, to nevertheless file for election and, if elected, to enjoy the emoluments of the office not only defies reason but is inconsistent with RCW 3.34.080, which provides that each justice of the peace shall, before entering upon the duties of his office, take an oath to perform those duties faithfully and impartially and to the best of his ability.

RCW 3.34.060 and RCW 3.34.065 can be harmonized. While the legislative intent could have been expressed with greater clarity, the only reasonable interpretation to be placed upon these two provisions read together, is that they require that candidates for the office of justice of the peace in second-class or larger counties be lawyers. RCW 3.34.065 does not repeal RCW 3.34.060. It merely engrafts an exception upon the grandfather clause, which is still applicable in other counties.

A further contention is made that the law deprives the appellant of the right to serve that portion of his term of office which remains after the November elections. This theory is derived from a literal reading of that part of RCW 3.34.065 which states that a justice is required to have been admitted to the practice of law before he may exer-

cise the functions of his office after the next respective judicial election following July 16, 1973.

While this case was pending, the appellant's term of office expired. We are advised that he was permitted to exercise the functions of his office throughout the term to which he was elected. The question whether the statute is open to the construction placed upon it by the appellant is now moot and is not likely to recur. We find it unnecessary, therefore, to explore that question.

The third and final contention of the appellant is that RCW 3.34.065 is unconstitutional because the original title of the bill was not broad enough to include the subject matter of that section. It is not suggested that the original title was too narrow to include the subject matter embraced within the proposed bill at that time. When the subject matter of the act was expanded by amendment, the title was also broadened, and admittedly the title of the act as it was enacted included qualifications of justices of the peace.

Const. art. 2, § 19, providing that "[n]o bill shall embrace more than one subject, and that shall be expressed in the title," does not prohibit the amendment of bills or the amendment of the title to cover the broadened scope of a bill. *State ex rel. Toll Bridge Authority v. Yelle*, 32 Wn.2d 13, 200 P.2d 467 (1948), the only case relied upon by the appellant, deals only with an enrolled bill and does not support the proposition which he advances. Further, the enrolled bill doctrine precludes inquiring into the legislative procedures preceding the enactment of a statute which is properly signed and fair upon its face. *Citizens Council Against Crime v. Bjork*, 84 Wn.2d 891, 529 P.2d 1072 (1975).

In oral argument the appellant's counsel suggested that the legislature lacks power to prescribe additional qualifications for the office of justice of the peace. That theory was advanced and vigorously argued in *In re Bartz*, 47 Wn.2d 161, 287 P.2d 119 (1955). We there concluded that

the legislature has the power to set the qualifications for the office of justice of the peace and may reasonably require that such justices in more populous counties be attorneys at law. We adhere to that decision.

The judgment is affirmed.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.